Banker v. Banker

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand eighteen.

PRESENT:
> **DENNIS JACOBS,**
> **ROSEMARY S. POOLER,**
> **RICHARD C. WESLEY,**
> *Circuit Judges.*

_____

**Brooks Banker,**

> *Plaintiff-Counter-Defendant-Appellant*,

> **v.**                                                                 **17-2740**

**Derek Banker,**

> *Defendant-Counter-Claimant-*
> *Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**    Brooks Banker, Jr., pro se, New York, NY.

**FOR DEFENDANT-APPELLEE:**    Derek Banker, pro se, Tampa, FL.

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Brooks Banker, a pro se attorney, sued his brother, Derek Banker, for breach of contract, breach of promissory note, and account stated,[1] alleging that Derek refused to repay $270,500 that Brooks loaned to him. Derek asserted that the money had been a part of their joint venture to pursue his former employer, Williams Lea, for a large settlement and that Brooks advanced the funds in brotherly generosity. After a bench trial, the district court entered judgment in favor of Derek, reasoning that Brooks failed to prove that he and Derek had come to agreement that the advances were loans or that Derek had expressly agreed that he was in debt to Brooks for the advances. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing a district court's decision in a bench trial, we review legal conclusions de novo and findings of fact for clear error. *See L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 710 F.3d 57, 65

---

[1] Brooks also asserted a claim for unjust enrichment. However, he mentioned this claim in a single sentence in his brief. This is insufficient to raise an issue on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). While Brooks is appearing pro se, he does not receive the benefit of our general practice of liberally construing pro se briefs to raise the strongest argument they suggest because he is an attorney. *Harbulak v. Suffolk County*, 654 F.2d 194, 198 (2d Cir. 1981).

(2d Cir. 2013) (citing *United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir. 1996)). "Mixed questions of law and fact are reviewed either *de novo* or under the clearly erroneous standard, depending on whether the question is predominantly legal or predominantly factual." *United States v. Skys*, 637 F.3d 146, 152 (2d Cir. 2011) (alternations in original) (internal quotation marks omitted).

Upon such review, we conclude that Brooks had sufficient notice of Derek's affirmative joint-venture defense. *Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (permitting defendant to raise affirmative defense that it failed to plead where the opposing party had "notice and an opportunity to respond" to the defense). We also find no clear error in the court's findings that the parties never reached a meeting of the minds as to whether Brooks's advances were a loan, *In re Express Indus. & Term. Corp. v. N.Y. State Dep't of Transp.*, 93 N.Y.2d 584, 589 (1999) ("To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms.") (citation omitted), and that there was neither an underlying indebtedness nor an express agreement sufficient to constitute an account stated, *Gurney, Becker & Bourne, Inc. v. Benderson Dev. Co.*, 47 N.Y.2d 995, 996 (1979) ("The rule that an account which has been rendered and to which no objection has been made within a reasonable time should be regarded as admitted by the party charged as prima facie correct assumes that there exists some indebtedness owing between the parties or an express agreement between the parties . . . .").

Having considered Plaintiff's other arguments and finding them to be without merit, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3